**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No.: 1:07-CR-18-TS |
| | ) | |
| STEVEN J. HECKE | ) | |

**ORDER AND OPINION**

This matter is before the Court on the Defendant's Motion to Suppress (DE 31) and the Defendant's Motion for Disclosure of Informant's Identity (DE 32), both filed on July 26, 2007. The government responded to the motion to disclose the informant's identity on July 27, 2007 (DE 34), and the motion to suppress (DE 35) on August 7, 2007. The parties conferenced with the Court and agreed upon a briefing schedule to further brief whether a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), would be appropriate in this case. Consistent with the briefing schedule, the government filed its Supplemental Opposition to Defendant's Motion to Suppress (DE 40) on September 17, 2007. The Defendant retained new counsel and requested an extension on October 24, 2007, for more time to reply to the government's brief, which the Court granted. After the new deadline of November 10, 2007, passed, the Defendant informed the Court that he would not be filing a reply. The motions are therefore ripe, and for the reasons stated in this opinion, the Defendant's motion to suppress (DE 31) and the Defendant's motion for disclosure of identity (DE 32) are DENIED.

**MOTION TO SUPPRESS**

**A.     Background**

On February 28, 2007, the grand jury returned a four count indictment against the

Defendant. Counts I through III charge that on three different occasions the Defendant distributed less than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). Count IV charges that the Defendant possessed a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The Defendant asserts that the evidence that serves as the basis for Counts III and IV was obtained through the execution of a search warrant that was issued pursuant to information contained in an Application and Affidavit for Search Warrant executed by Special Agent Lessner. This warrant was for the Defendant's residence located at 1052 Delaware Avenue, Fort Wayne, Indiana.

The Defendant asserts that the affidavit does not establish probable cause and that the search warrant is defective in two ways. First, the Defendant argues that the information submitted to the issuing magistrate was supported by the hearsay statements of a Confidential Informant ("CI") and the affidavit does not establish the credibility of the CI. Second, the Defendant argues that the affidavit presented to the issuing magistrate lacks a sufficient factual basis to establish that an adequate controlled buy had occurred. Specifically, the Defendant asserts that the affidavit fails to indicate that the CI was searched prior to the transaction or upon return, and that the affidavit fails to set forth sufficient facts to establish that controls were adequate. The Defendant has not disputed any of the facts contained in the affidavit.

The Defendant's memorandum of law in support of the motion to suppress consists of just two block quotes, one from Federal Criminal Rule of Procedure 12(b)(3) and the other from the Fourth Amendment to the United States Constitution. Based on these claimed defects and the short memorandum of law, the Defendant requests that the Court set this matter for an evidentiary hearing and suppress all items seized from 1052 Delaware Avenue, Fort Wayne,

Indiana.

The only evidence presented to the judge signing the search warrant was the application and affidavit for search warrant signed by Special Agent Wayne E. Lessner, an agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), on February 22, 2007. The affidavit describes the investigation of the Defendant, from January 3, 2007, through February 22, 2007, when the warrant was issued.

The investigation began when Lessner received a call on January 3, 2007, from a confidential informant, known as CI-53, informing him that the Defendant had given CI-53 powder cocaine that same morning while the Defendant was working at the Mid City Bar, 1802 Spy Run Avenue, Fort Wayne, Indiana. Lessner, that same day, met CI-53 at the Mid City Bar and field tested the cocaine that the Defendant allegedly provided CI-53, and the field test was positive for cocaine HCL.

On January 12, 2007, the affidavit states that CI-53 met the Defendant at the Mid City Bar, the two went inside the Defendant's vehicle, and the Defendant handed CI-53 an ounce of powder cocaine with the agreement that CI-53 would pay for the drugs in a couple of days. Lessner witnessed the meeting in an undercover capacity, and he electronically monitored and recorded the meeting. After the deal, he field tested the powder, and the test was positive for cocaine HCL.

On January 16, 2007, Lessner again electronically monitored and recorded a meeting between CI-53 and the Defendant, this time at a Fort Wayne tattoo parlor. At this meeting, CI-53 paid the Defendant five hundred dollars for the January 12 sale, and the Defendant gave CI-53 another ounce of cocaine with payment due at a later date. Again, Lessner field tested the

powder, and the test was positive for cocaine HCL.

Lessner, in an undercover capacity, witnessed and electronically monitored and recorded another meeting between CI-53 and the Defendant at the Mid City Bar on January 23, 2007. At this meeting, CI-53 paid the Defendant five hundred dollars for the January 16 sale, and the conversation turned to the Defendant's recently acquired cocaine supply. The Defendant informed CI-53 that one month prior to the meeting, he obtained approximately five kilograms of cocaine from the Mexican border and he still had about one and three-quarters of a kilogram of cocaine remaining.

On February 5, 2007, Lessner electronically monitored and recorded a telephone call between the Defendant and CI-53.  The two agreed to meet at the Defendant's residence later that day so that the Defendant could sell CI-53 his rifle and an additional ounce of powder cocaine. During the conversation, the Defendant stated that his address was 1052 Delaware Avenue, Fort Wayne, Indiana.

The rendezvous occurred as planned, and Lessner electronically monitored and recorded the meeting. The Defendant offered CI-53 "a joint," which he declined. The two examined several firearms and CI-53 lamented that he was unable to go into stores to buy guns. The Defendant then gave CI-53 another ounce of powder cocaine. CI-53 paid the Defendant with one thousand dollars in prerecorded government funds for the rifle and the one ounce of cocaine. The two discussed the possibility of future firearms sales, and CI-53 left. Lessner field tested the powder, which was positive for cocaine HCL. During the post-operation debriefing for the February 5 meeting, CI-53 informed Lessner that he observed a small semi-automatic pistol located on a table in plain view, that the Defendant informed him that the bedroom in which the

4

cocaine was stored was the Defendant's, that the Defendant retrieved the ounce of cocaine from the top drawer of a dresser in his bedroom, and that there was a revolver located on top of the dresser.

Lessner electronically monitored and recorded another telephone conversation between CI-53 and the Defendant on February 10, 2007. During that call, the two agreed that the Defendant would sell two rifles to CI-53 for five hundred dollars and that the Defendant would sell CI-53 at least one more ounce of cocaine. This sale was effectuated on February 16, 2007, at 1052 Delaware Avenue, Fort Wayne, Indiana. Lessner electronically monitored and recorded the meeting. The Defendant again offered CI-53 "a joint," which he again declined. The Defendant took CI-53 into one of the bedrooms in the home (which CI-53 indicated in the post-operation debriefing was the same bedroom which contained the drugs and guns from the February 5 sale), and the Defendant showed CI-53 the rifles and ammunition. CI-53 then paid for the rifle and one ounce of cocaine with one thousand dollars in government prerecorded funds. CI-53 purchased an additional ounce of cocaine on credit. This time, the cocaine was located in a different bedroom. The Defendant also mentioned during their conversation that he maintained "books for drugs." After this meeting, Lessner field tested the powder, and it was positive for cocaine HCL.

Lessner recorded one final telephone conversation between the Defendant and CI-53 on February 22, 2007. During the call, the two agreed that CI-53 would meet the Defendant on February 23, 2007, at 4:00 p.m., at 1052 Delaware Avenue, Fort Wayne, Indiana. CI-53 agreed that he would pay the Defendant five hundred dollars for the ounce of cocaine he had purchased on credit during the February 16, 2007, sale, and that CI-53 would purchase an additional two ounces of powder cocaine.

The affidavit also describes Lessner's training and experience, and it states that his training and experience led him to believe that drug traffickers commonly possess firearms, records of transactions, drugs, and currency in their residences. He then concludes that he has probable cause to find evidence that the Defendant committed drug and firearms related crimes at his residence at 1052 Delaware Avenue.

Based on this information included in the application and affidavit for search warrant, Magistrate Judge Cosbey signed a warrant to search 1052 Delaware Avenue, Fort Wayne, Indiana, on February 22, 2007. The warrant was executed at 6:10 a.m. on February 23, 2007, and it was returned executed on March 2, 2007.

### B.      Standard for Suppressing Evidence Obtained Through a Search Warrant

"The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238–39 (1983). "[T]he task of a reviewing court is not to conduct a de novo determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984).

"When an affidavit is the only evidence presented to a judge in support of a search warrant, the validity of the warrant rests solely on the strength of the affidavit." *United States v. Peck*, 317 F.3d 754, 755–56 (7th Cir. 2003). "Probable cause is established when, based on the

totality of the circumstances, the affidavit sets forth sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime." *Id.* at 756.

> The magistrate judge's decision to issue a warrant "is to be given considerable weight" and should be overruled only when the supporting affidavit, read as a whole in a realistic and common sense manner, fails to allege specific facts and circumstances to allow the judge to reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated.

*United States v. Koerth*, 312 F.3d 862, 866–67 (7th Cir. 2002) (quoting *United States v. Spry*, 190 F.3d 829, 835 (7th Cir. 2002)).

Direct evidence linking the alleged crimes to a particular location is not necessary for probable cause to exist. *United States v. Lamon*, 930 F.2d 1183, 1188 (7th Cir. 1991). "An issuing court 'is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense.'"*Id.* at 1188 (quoting *United States v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986)). "'In the case of drug dealers, evidence is likely to be found where the dealers live.'" *Id.* (quoting *Angulo-Lopez*, 791 F.2d at 1399).

Affidavits supporting a search warrant are presumed to be valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). When the veracity of the affidavit is challenged, a defendant may be entitled to an evidentiary hearing if he meets certain requirements outlined in *Franks*:

> To mandate an evidentiary hearing . . . [t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.  Allegations of negligence or innocent mistake are insufficient.

*Id.* In addition, the defendant must show that the incorrect statement was material, that is, was necessary for a finding of probable cause to issue the warrant. *United States v. McAllister*, 18

7

F.3d 1412, 1416 (7th Cir. 1994).

If the veracity of the affiant is not challenged, evidence obtained pursuant to a facially valid warrant issued by a neutral, detached magistrate is suppressed only if: "(1) the warrant is later invalidated; and (2) the police could not have relied in objective good faith upon the neutral and detached magistrate's decision to issue the warrant." *United States v. Koerth*, 312 F.3d 862, 865–66 (7th Cir. 2002).

### C.     Validity of the Search Warrant

The Defendant does not attempt to make any of the necessary *Franks v. Delaware* showings. Accordingly, the request for an evidentiary hearing must be denied. The inquiry is therefore limited to the four corners of the application and affidavit for search warrant. The Defendant argues that the information in the affidavit is insufficient to establish probable cause. The Court disagrees.

Special Agent Lessner observed a great deal of evidence supporting his conclusion that there was a fair probability that the Defendant was involved in drug trafficking at 1052 Delaware Avenue. Lessner electronically monitored the Defendant's sale and discussion of future sales of cocaine on January 12, January 16, January 23, February 5, February 10, February 16, and February 22. Two of the sales occurred at the Defendant's home, located at 1052 Delaware Avenue, Fort Wayne, Indiana. A third sale at the Delaware Avenue address was planned on February 22 during a phone call with CI-53 that Lessner monitored. Lessner personally observed the cocaine sale that occurred on January 12 at the Mid City Bar. Lessner monitored the January 23 conversation when the Defendant stated that he had obtained five kilograms of cocaine from the Mexican border. The conversations that related to the firearms that were stored in close proximity to the cocaine were also

monitored by Lessner, as was the conversation in which the Defendant referred to his "books for drugs."

The conversations that Lessner monitored constitute substantial evidence supporting the magistrate's decision that the information in the affidavit would induce a reasonably prudent person to believe that a search of 1052 Delaware Avenue would uncover evidence of a crime. Based on the monitored conversations, the affidavit indicated that the Defendant was trafficking drugs through his residence, and at a minimum, drugs, firearms, and related records were likely to be unearthed in a search of the residence.

The Defendant next asserts that even if this information was sufficient to establish probable cause, it was improper for the magistrate to consider it because the affidavit includes hearsay statements of CI-53, does not establish the credibility of CI-53, and does not establish that a controlled buy occurred. The hearsay argument is a nonstarter. The mere fact that some hearsay is contained in the affidavit does not render the warrant invalid, *see United States v. Hollingsworth*, 495 F.3d 795, 805 (7th Cir. 2007) (stating that the fact that the testimony before the magistrate was based on double hearsay does not invalidate search warrant), and the Defendant does not point to any authority suggesting otherwise. Additionally, the affidavit establishes the credibility of the informant in that the informant's statements to Lessner are consistent with the activities that Lessner was monitoring himself.

Even if CI-53's credibility is not established, the conversations that Lessner himself monitored and the exchanges he himself witnessed are sufficient to validate the warrant. Lessner heard these several conversations that were consistent with a drug deal, personally witnessed CI-53 get into the Defendant's car to conduct what Lessner believed was a drug deal, and Lessner himself

9

heard the Defendant refer to his drug ledgers, previous purchases, and intended future sales. For the same reason, the Defendant's argument that the affidavit does not establish that an adequate controlled buy occurred must fail. Lessner's own observations, contained in the affidavit, are sufficient to validate the warrant. Searching CI-53 before and after the transactions was not necessary in this case to establish the validity of the information contained in the affidavit. Lessner's own observations were more than enough.

The Defendant finally argues that the "procedural requirements involved in the issuance and the return of the Search Warrant were not followed." (DE 31 at 2.) The Defendant does not however share with the Court which procedural requirements were not followed, and the Court is not aware of any. As such, this argument also fails.

Lessner's personal observations, combined with his training and experience, led him to the reasonable belief that the Defendant was trafficking drugs through his residence at 1052 Delaware Avenue. Even excluding the evidence provided by CI-53 that was not corroborated by Lessner personally, there was substantial evidence in the record supporting the magistrate's decision to issue the warrant. Regardless, if the search warrant in this case was found to be lacking probable cause, the Court still would not suppress the evidence obtained in the search. The Defendant has presented no argument that in writing his affidavit, Lessner deliberately lied or had a reckless disregard for the truth. Also, the Defendant does not argue that the police could not have relied in objective good faith upon the neutral and detached magistrate's decision to issue the warrant. Unless either of these requirements is satisfied, the evidence of the search cannot be suppressed even if the warrant was invalid. *United States v. Leon*, 468 U.S. 897 (1984).

**MOTION FOR PRE-TRIAL DISCLOSURE OF INFORMANT'S IDENTITY**

The Defendant has also moved for pretrial disclosure of CI-53's identity. The Defendant asserts that "disclosure of the informant's identity is essential to a fair determination of the case and vital to preserving a fair trial for the defense at this time." (DE 32 at 1.) The government responds that although it will disclose CI-53's identity to the Defendant three to seven days prior to trial, at least one ongoing investigation could be negatively impacted by the disclosure of CI-53's identity at this time.

The confidential informant privilege is "the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement[,]" and this purpose limits the scope of the privilege. *Id.* at 59–60. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60–61.

"[I]n order to overcome the limited privilege, a defendant must establish that the disclosure of the informant's identity is either 'relevant and helpful' to his defense or 'essential to a fair determination of a cause.'" *United States v. Jefferson*, 252 F.3d 937, 941 (7th Cir. 2001) (quoting *Roviaro*, 353 U.S. at 60–61). "In determining whether to disclose a confidential informant's identity, a court must balance 'the public interest in protecting the flow of information against the individual's right to prepare his defense.'" *Id.* at 940 (quoting *Roviaro*, 353 U.S. at 60–61).

11

The parties seem to be in agreement that disclosure of CI-53's identity at some point is appropriate. The dispute is only over the timing. The Court must weigh the public's interest in protecting the active investigation that CI-53 is currently involved in against the defendant's right to prepare his defense. The Defendant has not indicated to the Court how the disclosure of CI-53's identity at this time is relevant and helpful to his defense or essential to a fair determination of the case, particularly in light of the fact that the government has already provided most of the video and audio tapes of the Defendant's contacts with CI-53 that form the basis of the charges in this case.

To find for the Defendant, the Court would need to know precisely how the disclosure of CI-53's identity would benefit the Defendant beyond the discovery he has already received. Because this demonstration has not been made, the Court finds that the Defendant has failed to carry his burden of showing that the disclosure of CI-53's identity is appropriate at this time. While the Defendant's motion will be denied at this time, the government must nonetheless disclose CI-53's identity to the Defendant at least 7 days prior to trial.

**ORDER**

For the reasons stated in this opinion, the Defendant's Motion to Suppress (DE 31) and the Defendant's Motion for Disclosure of Identity (DE 32) are DENIED. This matter is now set for a telephone conference on December 13, 2007, at 1:00 p.m., to set the final pretrial conference and jury trial dates. The Court will initiate the call.

SO ORDERED on December 10, 2007.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION